Daniel Bonnett (AZ#014127)
Martin & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
dbonnett@martinbonnett.com

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Vanessa Begay, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | |
| Ganado Unified School District No. 20 of Apache County; Governing Board of the Ganado Unified School District No. 20 of Apache County; Betsy Dobias, in her individual and official capacity, and John Doe Dobias; Christine Lynch, in her individual and official capacity, and John Doe Lynch; Teresa M. Sells-Gorman, in her individual and official capacity, and John Doe Sells-Gorman; Judy James, in her individual and official capacity, and John Doe James; Marcarlo Roanhorse, in his individual and official capacity, and Jane Doe Roanhorse; and Wanda Begay, in her individual and official capacity, and John Doe Begay, | (JURY TRIAL DEMANDED) |
| Defendants. | |

This is an action for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1983 and the First Amendment and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1343 and 42 U.S.C. §§ 1983 & 1988 as this is a civil action arising under the laws of the United States for violations of Plaintiff's civil rights.

2.     This Court has personal jurisdiction over the Defendants, Ganado Unified School District No. 20 of Apache County ("Ganado Unified" or "GUSD"); Governing Board of the Ganado Unified School District No. 20 of Apache County ("GUSD Board" or "Board") and Defendants Betsy Dobias, Christine Lynch, Teresa M. Sells-Gorman, Judy James, Marcarlo Roanhorse and Wanda Begay, individually, and in their respective official capacities as alleged herein.

3.     Defendant Ganado Unified is a political subdivision of the state located within Apache County, Arizona and is organized for the purpose of administration, support, and maintenance of certain public schools in Apache County.  It may be sued pursuant to A.R.S. §§ 15-101(23), 15-441, *et seq*., and 12-821.01.

4.     Defendants Governing Board of the Ganado Unified School District No. 20 of Apache County ("GUSD Board" or "Board") is a body organized for the government and management of schools within the Ganado Unified School District in the County of Apache, State of Arizona, and as such, may be sued pursuant to A.R.S. §§ 15-101(14), 15-321 through 350, and 12-821.01.

5.     Upon information and belief, Defendants Betsy Dobias, Christine Lynch, Teresa M. Sells-Gorman, Judy James, Marcarlo Roanhorse and Wanda Begay are residents of and domiciled in Apache County, Arizona.

6.     Venue is proper under 28 U.S.C. § 1391(b).  The Defendants with the exception of Wanda Begay are physically present and reside in Apache County, Arizona. Upon information, Defendant Wanda Begay resides in Navajo County, Arizona.  All of the acts and/or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7.     Plaintiff, Vanessa Begay ("Plaintiff" or "Ms. Begay"), is a resident of Navajo

County, Arizona.  At all times relevant, Plaintiff was employed by GUSD as a fulltime teacher at the Ganado Intermediate School at the beginning of the 2018-2019 academic year and during the 2019-2020 academic year.  At all times relevant, Ms. Begay was an "employee" of Defendant, GUSD.  Plaintiff has standing to bring this suit.

8.    Defendant, Ganado Unified School District No. 20 of Apache County, Arizona ("Defendant GUSD," "GUSD" or "District") is a School District within the meaning of Ariz. Rev. Stat., Title 15.  Pursuant to Ariz. Rev. Stat. § 15-101, Ganado Unified is organized for the purpose of the administration, support and maintenance of the public schools within the territory boundaries of the Ganado Unified School District and its governing board can sue and be sued in the name of Defendant GUSD as alleged herein pursuant to  Ariz. Rev. Stat. §§ 15-326 & 15-441(B).

9.    At all times relevant, Defendant Betsy Dobias ("Defendant Dobias" or "Dobias") was and is a resident of Apache County, Arizona and, at all times relevant, was employed by Defendant GUSD as the Acting Superintendent of the Ganado Unified School District and became and remains the current Superintendent of GUSD. As such, Defendant Dobias is and was a public official. Defendant Dobias exercised direct and/or indirect supervisory authority over Plaintiff and over other GUSD employees within the District and at the Ganado Intermediate School, and was directly or indirectly involved in one or more decisions affecting Plaintiff's employment status as alleged herein including, but not limited to, decisions regarding assignment of teaching duties and responsibilities; negotiating, entering into, renewal and approval of Plaintiff's contract(s) of employment with GUSD including the benefits, privileges, terms and conditions of Plaintiff's employment with GUSD; and negotiating, entering into, renewal and approval of contracts of employment with other GUSD employees. Additionally, with regard to the alleged Constitutional violations stated herein, Defendant Dobias acted in her individual capacity and outside the course and scope of her employment as GUSD's Superintendent. Alternatively, Defendant Dobias is alleged to have acted within the course and scope of her employment and in concert with one or more of the other named Defendants, while

under color of state law and as an agent for Defendant GUSD in making decisions that have resulted in a violation of Plaintiff's First and Fourteenth Amendment rights and other state and federal rights as alleged herein. Upon information, John Doe Dobias may be the spouse of Betsy Dobias and is named as a nominal Defendant solely for the purpose of Arizona's community property laws if Defendant Dobias is married.

10.    At all times relevant, Defendant Christine Lynch ("Defendant Lynch" or "Lynch") was and is a resident of Apache County, Arizona and, at all times relevant, was an elected member of the Ganado Unified School District Governing Board ("GUSD Board") and as such, was and is a public official.  Defendant Lynch exercised direct and/or indirect supervisory authority over Plaintiff and over other GUSD employees within the District and at the Ganado Intermediate School, and was directly or indirectly involved in one or more decisions affecting Plaintiff's employment status as alleged herein including, but not limited to, decisions regarding assignment of teaching duties and responsibilities; negotiating, entering into, renewal and approval of Plaintiff's contract(s) of employment with GUSD including the benefits, privileges, terms and conditions of Plaintiff's employment with GUSD; and negotiating, entering into, renewal and approval of contracts of employment with other GUSD employees. Additionally, with regard to the alleged Constitutional violations stated herein, Defendant Lynch acted in her individual capacity and outside the course and scope of her position as a GUSD Board member. Alternatively, Defendant Lynch is alleged to have acted within the course and scope of her employment and in concert with one or more of the other named Defendants, while under color of state law and as an agent for Defendant GUSD in making decisions that have resulted in a violation of Plaintiff's First and Fourteenth Amendment rights and other state and federal rights as alleged herein. Upon information, John Doe Lynch is the spouse of Christine Lynch and is named as a Defendant solely for the purpose of Arizona's community property laws.

11.    At all times relevant, Defendant Teresa M. Sells-Gorman ("Defendant Sells-Gorman" or "Sells-Gorman") was and is a resident of Apache County, Arizona and, at all

times relevant, was and is an elected member of the Ganado Unified  School District Governing Board ("GUSD Board") and as such, was and is a public official.  Defendant Sells-Gorman exercised direct and/or indirect supervisory authority over Plaintiff and over other GUSD employees within the District and at the Ganado Intermediate School, and was directly or indirectly involved in one or more decisions affecting Plaintiff's employment status as alleged herein including, but not limited to, decisions regarding assignment of teaching duties and responsibilities; negotiating, entering into, renewal and approval of Plaintiff's contract(s) of employment with GUSD including the benefits, privileges, terms and conditions of Plaintiff's employment with GUSD; and negotiating, entering into, renewal and approval of contracts of employment with other GUSD employees. Additionally, with regard to the alleged Constitutional violations stated herein, Defendant Sells-Gorman acted in her individual capacity and outside the course and scope of her position as a GUSD Board member. Alternatively, Defendant Sells-Gorman is alleged to have acted within the course and scope of her employment and in concert with one or more of the other named Defendants, while under color of state law and as an agent for Defendant GUSD in making decisions that have resulted in a violation of Plaintiff's First and Fourteenth Amendment rights and other state and federal rights as alleged herein. Upon information, John Doe Sells-Gorman is the spouse of Teresa M. Sells-Gorman and is named as a Defendant solely for the purpose of Arizona's community property laws.

12.    At all times relevant, Defendant Judy James ("Defendant James" or "James") was and is a resident of Apache County, Arizona and, at all times relevant, was and is an elected member of the Ganado Unified  School District Governing Board ("GUSD Board") and as such, was and is a public official.  Defendant James exercised direct and/or indirect supervisory authority over Plaintiff and over other GUSD employees within the District and at the Ganado Intermediate School, and was directly or indirectly involved in one or more decisions affecting Plaintiff's employment status as alleged herein including, but not limited to, decisions regarding assignment of teaching duties and responsibilities; negotiating, entering into, renewal and approval of Plaintiff's contract(s) of employment

with GUSD including the benefits, privileges, terms and conditions of Plaintiff's employment with GUSD; and negotiating, entering into, renewal and approval of contracts of employment with other GUSD employees. Additionally, with regard to the alleged Constitutional violations stated herein, Defendant James acted in her individual capacity and outside the course and scope of her position as a GUSD Board member. Alternatively, Defendant James is alleged to have acted within the course and scope of her employment and in concert with one or more of the other named Defendants, while under color of state law and as an agent for Defendant GUSD in making decisions that have resulted in a violation of Plaintiff's First and Fourteenth Amendment rights and other state and federal rights as alleged herein. Upon information, John Doe James may be the spouse of Judy James and is named as a nominal Defendant solely for the purpose of Arizona's community property laws if Defendant James is married.

13.     At all times relevant, Defendant Marcarlo Roanhorse ("Defendant Roanhorse" or "Roanhorse") was and is a resident of Apache County, Arizona and, at all times relevant, was and is an elected member of the Ganado Unified  School District Governing Board ("GUSD Board") and as such, was and is a public official.  Defendant Roanhorse exercised direct and/or indirect supervisory authority over Plaintiff and over other GUSD employees within the District and at the Ganado Intermediate School, and was directly or indirectly involved in one or more decisions affecting Plaintiff's employment status as alleged herein including, but not limited to, decisions regarding assignment of teaching duties and responsibilities; negotiating, entering into, renewal and approval of Plaintiff's contract(s) of employment with GUSD including the benefits, privileges, terms and conditions of Plaintiff's employment with GUSD; and negotiating, entering into, renewal and approval of contracts of employment with other GUSD employees. Additionally, with regard to the alleged Constitutional violations stated herein, Defendant Roanhorse acted in his individual capacity and outside the course and scope of his position as a GUSD Board member. Alternatively, Defendant Roanhorse is alleged to have acted within the course and scope of his employment and in concert with one or more

of the other named Defendants, while under color of state law and as an agent for Defendant GUSD in making decisions that have resulted in a violation of Plaintiff's First and Fourteenth Amendment rights and other state and federal rights as alleged herein. Upon information, Jane Doe Roanhorse is the spouse of Marcarlo Roanhorse and is named as a Defendant solely for the purpose of Arizona's community property laws.

14.    At all times relevant, Defendant Wanda Begay ("Defendant Begay" or "Wanda Begay") was and is a resident of Apache County, Arizona and, at all times relevant, was and is an elected member of the Ganado Unified  School District Governing Board ("GUSD Board") and as such, was and is a public official.  Defendant Begay exercised direct and/or indirect supervisory authority over Plaintiff and over other GUSD employees within the District and at the Ganado Intermediate School, and was directly or indirectly involved in one or more decisions affecting Plaintiff's employment status as alleged herein including, but not limited to, decisions regarding assignment of teaching duties and responsibilities; negotiating, entering into, renewal and approval of Plaintiff's contract(s) of employment with GUSD including the benefits, privileges, terms and conditions of Plaintiff's employment with GUSD; and negotiating, entering into, renewal and approval of contracts of employment with other GUSD employees. Additionally, with regard to the alleged Constitutional violations stated herein, Defendant Begay acted in her individual capacity and outside the course and scope of her position as a GUSD Board member. Alternatively, Defendant Begay is alleged to have acted within the course and scope of her employment and in concert with one or more of the other named Defendants, while under color of state law and as an agent for Defendant GUSD in making decisions that have resulted in a violation of Plaintiff's First and Fourteenth Amendment rights and other state and federal rights as alleged herein. Upon information, John Doe Begay is the spouse of Wanda Begay and is named as a Defendant solely for the purpose of Arizona's community property laws.

**FACTUAL ALLEGATIONS**

15.    In August 2018, Plaintiff began working for Defendant GUSD as a Fifth-

Grade teacher and educator assigned to the Ganado Intermediate School on July 24, 2018 for school year 2018-2019 and was renewed for the 2019-2020 school year.

16.     In September 2019, Plaintiff, along with other teachers in the District formed the Ganado Education Association ("GEA"), an affiliate of the Arizona Education Association ("AEA"). Thereafter, Plaintiff, some teachers and community members associated with the GEA.

17.     In December 2019, Plaintiff was elected President of the GEA.

18.     As President and a member of GEA, Plaintiff was an active advocate for all of the teachers employed by GUSD and the improvement of the educational process.

19.     Through her role as GEA's President, Plaintiff met and had discussions with GUSD teachers who wanted to be better informed of discussions and decisions of the GUSD Board.

20.     In an effort to help retain teachers in the District, encourage their involvement in the educational process at GUSD and related community activities, and increase transparency of the District and Board activities, requests were made by GEA members and other teachers to the GUSD Board that their monthly meeting minutes be made available to the public. These requests were initially ignored.

21.     As a result, Plaintiff began to regularly attend the GUSD Board monthly meetings in her capacity as GEA President and audio-record the open meeting sessions. Defendants Sells-Gorman, Lynch and Wanda Begay openly disapproved of Plaintiff recording open sessions of the GUSD Board meetings.

22.     As GEA President, Plaintiff was also active in garnering GUSD teacher support for a 5% pay increase, funding for which was made available to GUSD by the State of Arizona as part of the "Red for Ed" statewide teacher initiative in June 2019.  Although the funding was available for the pay increase, it had not yet been allocated for use by Defendants towards a pay increase for District teachers despite the budget plan signed by Governor Ducey in 2018 which outlined a plan to increase teachers' salaries by 20% by the 2020 school year.

23.     In or around December 2019, Plaintiff, in association with an AEA advocate, circulated a petition and obtained signatures  of 88 GUSD teachers in support of calling on the GUSD Board to implement the statewide "Red for Ed" initiative and the Governor's budget plan for all District teachers to be presented at the January 2020 GUSD Board meeting.

24.     Plaintiff encouraged GUSD teachers to attend the January Board meeting and to wear the color red to show support and solidarity as public school educators.  At that meeting and in her role as GEA President, Plaintiff presented the signed petition and spoke publicly to the Board during that meeting about matters of public concern including the obligation to carry out the will of the statewide voter initiative and payout the 5% pay increase.  Plaintiff also highlighted the importance of the pay increase and the impact it would have on teacher morale and the provision of quality education within the District.

25.     Plaintiff further stated publicly at the January 2020 GUSD Board meeting that it was GEA's intention, as the sole association providing representation to GUSD teachers and employees, to continue providing GUSD teacher support for making recommendations for salary increases, benefits, and improvements in the educational process within the District.

26.     Also, at the January 2020 GUSD Board meeting, action was taken place then Superintendent Claudia Edgewater-Russell, who had been an ally of GEA, on administrative leave. This was met with a verbal response from many in attendance that GUSD Board members should be removed through a recall process followed with an exploratory effort by concerned citizens how a recall process could be initiated.

27.     Plaintiff, as GEA President, was asked to attend citizen meetings where recall of GUSD Board members was discussed.  One such meeting occurred on or about January 14, 2020. Ganado Intermediate School Principal, Jonas Yazzie, was also in attendance at this meeting. During this meeting, Plaintiff was asked if GEA would support a citizen effort to recall GUSD Board members. Upon information and belief, this was reported to Defendants shortly after the meeting.

28.    The following week, Plaintiff and other GEA members met with Defendant Dobias to discuss matters of concern that GEA believed were important to teachers, staff, students and the community. These included the overdue 5% pay raise resulting from the statewide voter initiative.  During that meeting, Defendant Dobias told Plaintiff that she "needed to be careful" and that "the code of ethics and possibly misconduct could be used" against Plaintiff and GEA members.

29.    At or around this same timeframe, there was an ongoing classroom incident that Plaintiff was attempting to deal with in her capacity as a teacher. The incident involved two students, one of whom was a relative of a GUSD Board member. At all times, Plaintiff was acting in the best interests of these students and in accordance with District policy and Arizona state law regarding her obligations to monitor student behavior, take appropriate actions, communicate with District staff and the students' parents or guardians and, if necessary, submit required reports to state agencies.

30.    During the course of dealing with these students' issues, Plaintiff became aware of circumstances that required her to report possible child abuse or neglect to the Department of Child Safety and, after consulting with other District administrators and counselors, submitted reports to the proper state authorities that involved the student whose relative was a GUSD Board member.

31.    In January and February 2020, the situation involving this student and the student's parent became increasingly difficult to the point that during a meeting between Plaintiff, the student's parent, Defendant Dobias and Principal Yazzie on about January 28, 2020, Plaintiff explained that she felt physically threatened and unsafe if the student remained in her classroom.

32.    On February 14, 2020, just a few weeks after Plaintiff's appearance at the January 2020 GUSD Board meeting and meeting with concerned citizens and teachers on matters of public concern as described herein, Plaintiff was given an unjustified and unwarranted Letter of Direction by Principal Yazzie falsely accusing Plaintiff of violating District policies with regard to her handling of the incidents involving the student described

herein.

33.     Plaintiff was advised by Principal Yazzie that the Letter of Direction was non-disciplinary, was not a reprimand and should not be considered as having any adverse consequence on her employment.

34.     Notwithstanding, one week later after receiving the Letter of Direction, Plaintiff was given a Notice of Executive Session (the "Notice") stating that the GUSD Board would discuss her employment contract and possible non-renewal, during its March 13, 2020 meeting. The Notice did not include "a statement of reasons for not reemploying" Plaintiff, nor was it preceded by a "preliminary notice of inadequacy," both of which are statutorily required under A.R.S. §§ 15-536 and 15-538.

35.     Accordingly, Ms. Begay was completely unaware as to the reasons the Board would discuss possible non-renewal of her contract and was, thereby, deprived of any opportunity to correct or address any deficiencies.

36.     Pursuant to District Policies, Plaintiff filed a grievance regarding the Letter of Direction and pursued it through levels of appeal available under the District policies.

37.     During this same time, Plaintiff also submitted a written request to the GUSD Board that any discussion concerning her, or her employment and possible non-renewal occur in an open meeting pursuant to A.R.S. §§ 38-431.01 and 38-431.03, and that she be provided an opportunity to address the entire GUSD Board.

38.     Despite Plaintiff's written request, during the March 13, 2020 GUSD Board meeting, Defendants went into executive session without holding any discussion regarding Plaintiff's contract in a public meeting or allowing Ms. Begay to address the Board. Following their executive session, the Defendants Christine Lynch, Teresa M. Sells-Gorman, Marcarlo Roanhorse and Wanda Begay stated that they voted to not renew Plaintiff's contract for the following school year. Upon information and belief, Defendant Judy James supported Plaintiff's non-renewal but may have abstained in the vote.

39.     As a result, and by virtue of the foregoing, Plaintiff incurred lost wages and benefits, suffered financially, was injured in her reputation and also experienced emotional

distress and mental anguish entitling her to damages and other relief.

40.    Plaintiff timely served each Defendant with a statutory Notice of Claim dated August 18, 2020 in accordance with Arizona Revised Statute § 12-821.01.

### COUNT I
**(Violation of First Amendment – Freedom of Speech and Association)**
**(All Defendants)**

41.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

42.    The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

43.    The First Amendment includes the right of free speech and association including, but not limited to, the right  Plaintiff to freely associate with the AEA and GEA and their members without fear of retaliation or without being discriminated against for exercising her right of association with her union and advocating on matters of public concern through her union membership and advocacy.

44.    42 U.S.C. § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,  . . . .

45.    Under the First Amendment to the United States Constitution, a citizen has the right to engage in free speech, expression and to associate with labor organizations and unions of their choice.

46.     Each of the named Defendants, while acting under color of state law and in their individual capacities while outside the course and scope of their official duties, interfered with Plaintiff's Constitutional right to engage in free speech, expression and association as alleged herein.

47.     Alternatively, each Defendant while acting in their official capacities as representatives, officers and employees of Defendant GUSD and under color of law, intentionally deprived Plaintiff of her Constitutional right to engage in protected free speech, expression and association.

48.     Defendants unlawfully retaliated against Plaintiff for the exercise of her First Amendment rights as set forth herein including, but not limited to, issuing her a Letter or Direction, denying her grievances and refusing to renew her employment with the District for the 2020-2021 school year because of her union association and related expressive activities.

49.     Defendants acted in a manner intended to interfere with and/or prevent Plaintiff from exercising her Constitutional rights and then retaliated against her because she exercised these rights of association and free expression and to chill further association and related expressive activities in order to be considered for future promotions.

50.     As a direct and proximate consequence of these violations by Defendants, Plaintiff has been damaged and will continue to be damaged, financially and economically, and therefore, Defendants are liable for Plaintiff's lost salary and benefits and future pay and benefits, in an amount not yet fully ascertained, plus prejudgment interest thereon.

51.     As a direct and proximate consequence of the foregoing violations by Defendants, Plaintiff is entitled to recover other compensatory damages including but not limited to injury to reputation, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained plus prejudgment interest thereon.

52.     By virtue of the foregoing, Plaintiff is also entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C.A. § 1988 for bringing this action.

## COUNT II
### (Violation of Fourteenth Amendment – Due Process)
### (All Defendants)

53.   Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

54.   The Fourteenth Amendment to the United States Constitution provides, in relevant part;

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

55.   The Due Process Clause of the Fourteenth Amendment required that Plaintiff be provided with a preliminary  notice of inadequacy as outlined in A.R.S. § 15-538 and that the Notice of Executive Session to discuss possible non-renewal of Plaintiff's employment for the 2020-2021 school year include specific reasons for non-renewal.

56.   In addition, due process required that Plaintiff be afforded an opportunity to present evidence and argument in opposition to any attempt to non-renew her employment for the 2020-2021 school year.

57.   42 U.S.C.A. § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

58.   The terms of a Plaintiff's contract of employment with Defendant GUSD including, but not limited to the 2019-2020 school year was not confined to the provisions

14

of her written employment agreement but also expressly provides that it is "governed by the laws of the United States and the State of Arizona, District policies, rules and regulations" in force or as modified.

59.    Included in the terms and conditions of Plaintiff's employment were requirements that she could only be discharged or non-renewed unless the GUSD Board gave timely and sufficient notice of circumstances warranting non-renewal after having first given adequate and timely preliminary notice of inadequate performance in accordance with A.R.S. §§ 15-536 & 15-538.

60.    Furthermore, Plaintiff was statutorily entitled to request a public hearing upon written request and to be heard by the GUSD Board in open session prior to her non-renewal.

61.    As alleged, Plaintiff made such requests in a timely manner which were unjustifiably and unreasonably denied by Defendants. In addition, Plaintiff was not afforded any type of hearing or opportunity to be heard before her employment was non-renewed nor was she provided with the statutorily required preliminary notice of inadequacy or proper notice of intention to terminate before Defendants took steps toward and eventually deprived her of a protected property interest in her continued employment.

62.    Each of the named Defendants, while acting under color of state law and in their individual capacities while outside the course and scope of their official duties, interfered with Plaintiff's Constitutional right to engage of free speech, expression and association as alleged herein.

63.    Alternatively, each Defendant while acting in their official capacities as representatives, officers and employees of Defendant GUSD and under color of law, intentionally deprived Plaintiff of her Constitutional right to engage in protected free speech, expression and association.

64.    As alleged herein, Defendants, through their acts and omissions as described herein, deprived Plaintiff of the reasonable expectation of continued public employment without due process as required by the Fourteenth Amendment.

65.     By reason of such conduct, Defendants have violated 42 U.S.C.A. § 1983 and the Due Process Clause of the Fourteenth Amendment.

66.     As a direct and proximate consequence of these violations by Defendants, Plaintiff has been damaged and will continue to be damaged, financially and economically, and therefore, Defendants are liable for Plaintiff's lost salary and benefits, in an amount not yet fully ascertained, plus prejudgment interest thereon.

67.     As a direct and proximate consequence of the foregoing violations by Defendants, Plaintiff is entitled to recover other compensatory damages including but not limited to injury to reputation, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained plus prejudgment interest thereon.

68.     By virtue of the foregoing, Plaintiff is also entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C.A. § 1988 for bringing this action.

## COUNT III
### (Breach of Implied Covenant of Good Faith and Fair Dealing)
### (Defendants GUSD & GUSD Board)

69.     Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

70.     The employment relationship between Plaintiff and the Defendant GUSD for school year 2019-2020 was contractual in nature and subject to the implied covenant of good faith and fair dealing under Arizona law present in all such contracts including contracts of employment.

71.     The terms of a Plaintiff's contract of employment with Defendant GUSD including, but not limited to the 2019-2020 school year was not confined to the provisions of her written employment agreement but also expressly provides that it is "governed by the laws of the United States and the State of Arizona, District policies, rules and regulations" in force or as modified.

72.     Defendant GUSD, through the act and omissions of the named Defendants,

Principal Yazzie and other District employees, breached the implied covenant of good faith and fair dealing as follows:

a. GUSD and the Board failed to follow non-renewal procedures under A.R.S. §§ 15-536 and 538;

b. GUSD and the Board failed to have a discussion on the merits of Ms. Begay's non-renewal in Open Session as she requested, in violation of District Policy and Open Meeting Laws, including A.R.S. §§ 38-431.01 and -431.03;

c. A Board member, who is a relative of the student who was the subject of the events cited as reason for non-renewal, failed to recuse herself from the decision and vote to not renew Ms. Begay's contract in violation of District Policy BCB and A.R.S. § 38-503;

d. Principal Yazzie failed to comply with District Policy GBEA-Staff Ethics and GBEB-Staff Conduct when he strained the relationship between Ms. Begay and Student A's mother by sharing with Student A's mother a confidential email drafted by Ms. Begay; failed to deescalate confrontational parent behavior towards Ms. Begay during the January 28, 2020 meeting with Student A's mother, despite Ms. Begay having previously expressed concern for her safety; and ostracized Ms. Begay after giving her the Letter of Direction;

e. GUSD and the Board violated District Policy GBEA and GBEB when it retaliated against Ms. Begay, after she followed relevant laws and District policies in reporting incidents involving her students, by misrepresenting those reports as "complaints" and using them as a basis to not renew her contract;

f. GUSD violated District Policy GBEA and GBEB when it placed Ms. Begay in a threatening situation during the January 28, 2020 meeting and did not deescalate the situation or provide her with support, leading Ms. Begay to believe she had no option but to record the meeting for her own protection, and then used that action against her by claiming, in bad faith, that recording a meeting was against District policy;

g. GUSD violated District Policy GBEA and GBEB when it presented Ms. Begay with a Letter of Direction which falsely represented numerous incidents throughout the school year, provided no documentation to support the false allegations, and then used the Letter of Direction as grounds to non-renew her contract, despite representing that the Letter would not be used in such fashion;

h. GUSD and the Board violated the United States and Arizona constitutions when they retaliated against Ms. Begay for exercising her rights to free speech, petition the government and peaceably assemble, and deprived her of due process of law;

i.   The Board retaliated against Ms. Begay when it voted to not renew her contract after she reported a Board member's family to the Department of Child Safety as she was required to do pursuant to District Policy and A.R.S. § 13-3620.

73.   As a direct and proximate consequence of these acts and omissions by Defendants, Plaintiff has been damaged and will continue to be damaged, financially and economically, and therefore, Defendant GUSD is liable for Plaintiff's lost salary and benefits, in an amount not yet fully ascertained, plus prejudgment interest thereon.

74.   As a direct and proximate consequence of the foregoing violations by Defendants, Plaintiff is entitled to recover other compensatory damages including but not limited to injury to reputation, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained plus prejudgment interest thereon.

### COUNT IV
**(Wrongful Termination -- A.R.S. § 23-1501)**
**(Defendants GUSD & GUSD Board)**

75.   Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

76.   Ariz. Const. art. 2, § 4 guarantees that, "No person shall be deprived of life, liberty, or property without due process of law."

77.   Ariz. Const. art. 2, § 5 guarantees that, "The right of petition, and of the people peaceably to assemble for the common good, shall never be abridged."

78.   Ariz. Const. art. 2, § 6 guarantees that, "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

79.   Furthermore, A.R.S. § 38-532 provided, in relevant part, "It is a prohibited personnel practice for an employee who has control over personnel actions to take reprisal against an employee for a disclosure of information of a matter of public concern by the employee to a public body that the employee reasonably believes evidences . . . [a] violation of any law."

80.   Ariz. Rev.Stat. § 23-1501(A)(3)(b) provides a cause of action for wrongful

termination in violation of the Arizona constitution or state statutes.

81.    As alleged herein, Plaintiff exercised rights guaranteed by Arizona constitution to speak freely on matters of public concern and to associate with GEA and other GUSD teachers and members of the community as alleged herein.

82.    Furthermore, Plaintiff had a protected property interest and reasonable expectation of continued employment as a certificated teacher with the Defendant District as alleged.

83.    Plaintiff was also a mandatory reporter of suspected child abuse or neglect concerning any student of the District of which she was aware and, in fact, made reports to such incidents as required by law.

84.    Notwithstanding, Defendant GUSD, through the acts and omissions of all named Defendants as alleged herein, wrongfully terminated Plaintiff's employment with the District by non-renewing her employment contract for the 2020-2021 school year without due process and for exercising her rights of free speech and association.

85.    As a direct and proximate consequence of these acts and omissions by Defendants, Plaintiff has been damaged and will continue to be damaged, financially and economically, and therefore, Defendant GUSD is liable for Plaintiff's lost salary and benefits, in an amount not yet fully ascertained, plus prejudgment interest thereon.

86.    As a direct and proximate consequence of the foregoing violations by Defendants, Plaintiff is entitled to recover other compensatory damages including but not limited to injury to reputation, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained plus prejudgment interest thereon.

**COUNT V**
**(Violation of Open Meetings Laws -- A.R.S., § 38-431 et seq.)**
**(All Defendants)**

87.    Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs as though set forth fully herein.

88.    Arizona's Open Meeting Laws provide, in relevant part, that "a public body

may hold an executive session" for the purpose of "[d]iscussion or consideration of employment [or] . . . dismissal of a public officer, appointee or employee of any public body, except that . . . [an] employee may demand that the discussion or consideration occur at a public meeting." A.R.S, § 38-431.03.

89.     By virtue thereof, Plaintiff was entitled to request and did request that discussion and consideration of whether to continue her employment as a teacher at GUSD occur in an open meeting or in a session open to the public. Notwithstanding, Defendants denied that request.

90.     Arizona law affords anyone, including Plaintiff, affected by a violation of the forgoing law a private right of action with damages for a successful plaintiff to include civil penalties, equitable relief and attorney fees. A.R.S. § 38-431.07.

91.     In addition, Defendants also violated Arizona's Open Meeting and Public Records laws (A.R.S. § 39-121 *et seq*. and § 38-431 *et seq.*) when they failed to provide GUSD Board meeting minutes to Plaintiff upon her request. A.R.S. § 38-431.01 ("All public bodies shall provide for the taking of written minutes or a recording of all their meetings, including executive sessions. . . . The minutes or a recording of a meeting shall be available for public inspection three working days after the meeting.").

92.     By virtue of the foregoing, Plaintiff seeks monetary damages together with equitable and injunctive relief as may be appropriate together with applicable civil penalties and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Vanessa Begay, prays for the following relief including but not limited to:

A.     A declaration that Defendants have violated the First Amendment to the United States Constitution;

B.     A declaration that Defendants have violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

C.     A declaration that Defendants have violated Article 2, Sections 4, 5 & 6 of

the Arizona Constitution;

D.     A declaration that Defendants have violated 42 U.S.C.A. §1983;

E.     A declaration that Defendants Ganado Unified School District No. 20 and the Governing Board of the Ganado Unified School District No. 20 have violated the implied covenant of good faith and fair dealing applicable to the terms and conditions of her contract of employment with the District;

F.     A declaration that Defendant Ganado Unified School District No. 20 and the Governing Board of the Ganado Unified School District No. 20 wrongfully terminated Plaintiff's employment in violation of A.R.S. § 23-1501 et seq.;

G.     Judgment in favor of Plaintiff and against Defendants, jointly and severally, together with an award of compensatory damages as permitted by law and in the amounts supported by the evidence;

H.     Temporary and permanent injunctive relief and such other equitable relief as permitted by law;

I.     An award of attorneys' fees and cost pursuant to 42 U.S.C.A. § 1988 and  to A.R.S. §§ 12-341, 12-341.01 & 38-532(D).

J.     Any and all other relief the Court deems just and proper.

A JURY TRIAL IS REQUESTED ON ALL ISSUES ENUMERATED IN THE COMPLAINT PURSUANT TO RULE 38 OF THE FEDERAL RUES OF CIVIL PROCEDURE.

Dated this 12th day of March, 2021.

**MARTIN & BONNETT, P.L.L.C.**

By:  s/ Daniel L. Bonnett
     Daniel L. Bonnett
     4647 N. 32nd. Street, Suite 185
     Phoenix, AZ 85004
     (602) 240-6900

*Attorney for Plaintiff*